# Wilson et al. *v.* Brechemin.

[April 6, 1846.]

The action of covenant lies only against a party who has sealed and delivered the instrument.

A. being the holder of a mortgage, brought an action of covenant against B., the assignee of the mortgagor, to recover the difference between the mortgage debt and what the property sold for. *Held*, that no covenant being sealed by the defendant, the action would not lie.

Error to the District Court for the city and county of Philadelphia.

This was an action of covenant brought by John M. Wilson and Isaac Severn against Lewis Brechemin, to recover the difference between the amount of a mortgage, subject to which certain property had been sold, and the proceeds of a sheriff's sale thereof, the defendant having bought the property under and subject to the payment of the mortgage.

The plaintiffs alleged, that the purchase of the property by the defendant, subject to the mortgage, created a covenant on the part of the defendant, which the plaintiffs, as owners of the mortgage, were entitled to the benefit of, and which the defendant had broken by non-payment of the difference between the said debt and what the property sold for.

To the plaintiffs' declaration, the defendant had filed a general demurrer, and also demurred specially, showing for cause, want of privity of contract between plaintiffs and defendant.

Upon argument, in the court below, judgment was rendered for the defendant on his demurrer, and this was assigned for error.

[ Wilson *v.* Brechemin. ]

*Keemle,* for plaintiff in error, cited 16 S. & R. 167; 17 S. & R. 94.

*Troubat,* contra.

PER CURIAM.—There is no covenant sealed by the defendant, and consequently there is no cause of action.*

---

* In *Maule* v. *Weaver,* 7 Barr, 329, A. conveyed to B., by a deed recited to be an indenture *inter partes,* to which they had interchangeably set their hands and seals: in the deed was contained a covenant on the part of B. to pay A. a rent reserved out of the land: A. alone sealed the deed, and B. accepted the deed and entered, and by a subsequent deed conveyed the land subject to the rent: *held,* that covenant does not lie against B., because he did not seal the deed. "How it came to be thought by the profession at an early day, and handed down to the present," said Chief Justice GIBSON, "that an action of covenant might be maintained against the grantee in a deed poll under any circumstances, or against any one else who had not sealed it, I cannot imagine. Though the principle has been recognised as a general one it seems to have been thought that in all cases where a grantee takes an estate by a deed poll, he may be compelled to perform the conditions of the grant by an action of covenant, instead of an action of debt or assumpsit; and this supposition had its root in the case obscurely stated in Co. Litt. 331 a; but it is clearly shown by Mr. Platt, the only lawyer who has searched the original roll, that there has been a prodigious misconception of the language of Lord COKE, which was predicated, not of an action of covenant, but of an action of debt. Yet the same misconception existed in the mind of Chief Justice ABBOTT, in *Bennett* v. *Lynch,* 5 B. & C. 589, by which, however, he affirmed the principle to which he supposed the case put by Lord Coke to be an exception. But the singularity of the exception ought to have sent the profession to the year-books for the original cases to which references were given, and in which they would have found that the action in each of them was not covenant but debt. It ought to have occurred to them that forms of pleading are touchstones of the law, and that the most dexterous pleader would find himself unable to make a successful profert of a deed poll as the act of one who had not sealed it. Mutual covenants may be contained in the same instrument; but each party must seal and deliver his own, exactly as if they were contained in the several parts of it." 7 Barr, 331.